IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DAVID W. TAYLOR                                                PETITIONER

No. 2:21-cv-00004 BSM/PSH

JOHN P. YATES, Warden,
FCC Forrest City                                            RESPONDENT

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner David W. Taylor ("Taylor") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 14, 2021. The petition was styled

1

as "Emergency Motion Under 28 U.S.C. § 2241 And The Cares Act And Appointment of Counsel And Discovery." Docket entry no. 2.

Taylor was convicted of two counts of bank robbery in 1993 in the United States District Court, Eastern District of Tennessee. In 2002, Taylor was again convicted of bank robbery, three counts, in the same court. In 2009, Taylor entered a guilty plea to bank robbery and was sentenced by the same court to 188 months' imprisonment and payment of restitution. Taylor unsuccessfully appealed, challenging the amount of restitution. *United States v. Taylor*, 418 F. App'x 400 (6th Cir. 2011).

In 2012, Taylor sought relief from the sentencing court, filing a petition for relief under 28 U.S.C. § 2255. The sentencing court denied relief, and the Sixth Circuit Court of Appeals denied Taylor's application for a certificate of appealability.

In 2016 and 2018, Taylor sought permission from the Sixth Circuit Court of Appeals to file a second and successive petition for relief under 28 U.S.C. § 2255. Both requests were denied.

Taylor filed a petition for relief under 28 U.S.C. § 2241 with this Court in 2019. At that time, Taylor resided in the federal correctional institution in Forrest City, Arkansas. He argued he was actually innocent of bank robbery. United

States Magistrate Judge Joe J. Volpe recommended dismissal of the petition for lack of jurisdiction due to Taylor's inability to demonstrate § 2255 relief was inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). United States District Judge Brian S. Miller adopted the recommendation and dismissed the case (*Taylor v. Hendrix*, 2:19cv00044).

Taylor's current petition seeks relief under 28 U.S.C. § 2241 and the CARES Act. Respondent John P. Yates ("Yates") urges dismissal for a variety of reasons.

**Analysis**

A review of Taylor's pleadings shows he seeks home confinement or, in the alternative, a reduction or modification of his term of imprisonment. Neither of these remedies are available to Taylor from this Court.

*Home Confinement*

The CARES Act, enacted in March 2020, increased the length of time the Bureau of Prisons ("BOP") could allow a federal inmate to spend in home confinement. Pub. L. 116-136, § 12003. This provision was placed in effect during the emergency period due to the COVID-19 pandemic. Taylor is incorrect in arguing that this provision allows this Court to direct his transfer to home confinement.

The Director of the BOP is directed to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This authority "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

As previously noted, the CARES Act expanded the use of home confinement under § 3624(c)(2). Even so, this expanded use of home confinement does not alter the procedure by which home confinement is determined. Namely, home confinement is decided by the BOP. As a result, the Court finds that it lacks the authority to grant Defendant his request of home confinement. A court may not modify a term of imprisonment once it has been imposed except when expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c). Nothing in section 3624 or the CARES Act gives the Court the authority to order a prisoner's placement on home confinement. The United States District Court for the Western District of Arkansas ably summarizes the situation:

> Consequently, the discretionary authority to place a prisoner on home confinement remains solely with the BOP. 18 U.S.C. §§ 3624(c)(4), 3621(b); see also United States v. Norris, No. 7:17-CR-40-FL-1, 2019 WL 5079759, at *1 (E.D.N.C. Oct. 10, 2019) (collecting cases).

4

> Because BOP has the sole authority to determine home-confinement placement, the Court cannot place Defendant on home confinement or otherwise order the BOP to do so. To the extent that Defendant seeks to be released on home confinement, he must make that request to the BOP. If the BOP denies a home confinement request, the Court cannot review or reverse that decision. See 18 U.S.C. § 3621(b) (stating that the BOP's "designation of a place of imprisonment ... is not reviewable by any court.")

*United States v. Blaylock*, No. 1:12-CR-10010-001, 2020 WL 4344915, at *3–4 (W.D. Ark. June 1, 2020). *See also Prelaj v. White*, 2020 WL 7974008 (M.D. Penn. Dec. 10, 2020) ("rising tide of case law has consistently held" the BOP, not the courts, are to make home confinement decisions).

In addition, the Court notes that Taylor now resides in the federal correctional institution in Bastrop, Texas. Yates, as warden of the federal correctional institution in Forrest City, Arkansas, no longer is Taylor's custodian, and would be unable to order a remedy, even generously assuming Taylor could show entitlement.

*Reduction or Modification of Sentence*

As an alternative to home confinement, Taylor requests the reduction or modification of his sentence. This Court is not the appropriate forum to consider the request. Taylor was convicted and sentenced in the United States District Court, Eastern District of Tennessee, and any motion to reduce or modify his

5

sentence would properly be sought from the sentencing court. *See* 28 U.S.C. § 2255(a) (prisoner seeking relief from sentence "may move the court which imposed the sentence" to vacate, set aside or correct the sentence.)

The relief sought by Taylor is not available to him because this Court does not have jurisdiction over Taylor, does not have the authority to order home confinement, and does not have the authority to reduce or modify his sentence. As a result, the Court recommends that the petition be dismissed for lack of jurisdiction, and the relief requested be denied.

IT IS SO RECOMMENDED this 24th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE